JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

09 CV 6677

------------------------------------------------------------X

CHRISTIAN MEDINA,

09 CV _____ (   )(   )

              Plaintiff,

       -against-

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER MICHAEL GOLDEN (Shield
#25502-Tax No. 946484), and, JOHN DOES 1-2
Individually and as police Officers of the New York City
Police Department, the identity of which is presently
unknown,



COMPLAINT

RECEIVED
JUL 27 2009
U.S.D.C. S.D. N.Y.
CASHIERS

**JURY TRIAL
DEMANDED**

              Defendants.

------------------------------------------------------------X

      Plaintiff, Christian Medina, by his attorney, Glenn A. Wolther, as and for his complaint alleges as follows, upon information and belief:

### Jurisdiction & Venue

1.     Jurisdiction is based on 28 U.S.C. sections 1331 and 1343, and the pendant and supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367, to entertain claims arising under state law.

2.     Venue is properly lodged in this Judicial District pursuant to 28 U.S.C. §1391(b)(1), this being the District in which the majority of events and omissions giving rise to the claims occurred.

## Parties

3.      At all times material hereinafter mentioned Plaintiff, Christian Medina, ("Plaintiff" or "Medina") is a resident of Yonkers County, State of New York.

4.      At all times material hereinafter mentioned, Defendant the City of New York ("NYC"), was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. NYC acts by and through its agencies, employees, and agents including but not limited to the New York City Police Department ("NYPD") which is a non-suable subdivision of NYC and its employees are employees of NYC. The NYPD and NYC receive federal funds.

5.      At all times material hereinafter mentioned, Defendant Michael Golden (Shield #25502-tax no. 946484, ("Golden" or "Defendant") is a police officer employed, trained, retained, and supervised, by NYC and the NYPD at the 46th Police precinct in the Bronx. Plaintiff brings this action against Golden in his personal and official capacities.

6.      At all times material hereinafter, Defendants John Does One and Two, are or were members of the NYPD and are/were employed, retained, trained, and supervised by NYC and the NYPD as police officers. Plaintiff brings this action against John Does One and Two in their individual and official capacities. (Golden and John Does One and Two are hereinafter collectively referred to as the NYPD Defendants")

2

7.  At all times material hereinafter, all Defendants were acting under color of law and pursuant to their authority as police officers and supervisory officers and employees of NYC and the NYPD.  All of the NYPD Defendants actions described herein are within the scope of their employment.  The NYPD Defendants are State Actors.

8.  Under the Charter of the City of New York, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action.

**Facts**

9.  Plaintiff, Christian Medina, is a thirty-one (31) year old male of Latino racial ancestry.

10.  On January 24, 2009, Plaintiff entered the front door of a multi story residential premises located at 1571 Undercliff Avenue in Bronx County, NYC (the "Building"), with permission and authority from a resident of the Building.

11.  Upon permissible entry into the Building, the Plaintiff was confronted by the NYPD Defendants.

3

12.     One of the NYPD Defendants demanded the Plaintiff to provide the NYPD
        Defendants with identification.  Plaintiff complied and produced his New York
        State Drivers license.

13.     One of the NYPD Defendants asked Plaintiff if he was a resident in the Building.
        Plaintiff responded that he was not but rather was at the building to visit a friend.
        The NYPD Defendants continued to probe Plaintiff, demanding Plaintiff to
        provide them with the name of the resident in the Building Plaintiff intended to
        visit.

14.     Shortly, thereafter, the individual whom Plaintiff was visiting entered the lobby
        area of the building and confirmed to the NYPD Defendants that Plaintiff was in
        fact an invited guest with permission and authority to be within the building.

15.     In spite of this, the NYPD Defendants informed Plaintiff he was being arrested.

16.     At this point in time, Plaintiff did not feel and in fact was not was not free to leave
        the Building and/or the custody of the NYPD Defendants.

17.     Without Plaintiff's permission, the NYPD Defendants searched Plaintiff's person.

18.     Such a search was unjust and unlawful.

19.    At the time of this unjust and unlawful search, the NYPD seized certain personal property belonging to the Plaintiff.

20.    To date, the Defendants have not returned to Plaintiff this personal property.

21.    Following the seizure of Plaintiff's personal property, Plaintiff was unlawfully transported, via a police vehicle, to the 46th Police Precinct for approximately nineteen hours before he was given an Appearance Ticket (the "Ticket").

22.    The allegations in the ticket were materially false, and the Defendant Golden knew them to be false at the time they were made.

23.    At no time did the NYPD Defendants have sufficient cause to seize and arrest Plaintiff, or have a reasonable to basis to reasonably believe that such cause existed.

24.    At no time did the NYPD Defendants have sufficient cause to commence criminal process against Plaintiff, or cause such process to be commenced, nor was there any basis for the NYPD Defendants to reasonably believe that such cause existed.

25.    The NYPD defendants actions were willful, intentional, and malicious.

26.     The Ticket compelled Plaintiff under penalty of law to appear in Court on March 16, 2009 at the Bronx Criminal Court ("Criminal Court"), located at 263 East 161st Street, Bronx, New York.

27.     The Ticket to required Plaintiff's appearance in Criminal Court to respond to charges of a violation of New York Penal Law §140.15 --Criminal Trespass in the Second Degree.

28.     The ticket unjustly and unlawfully subjected Plaintiff to criminal process.

29.     The ticket, which ordered Plaintiff's appearance in Criminal Court stated that, "failure to comply with these instructions may result in the issuance of a warrant for your arrest."

30.     At the time of Plaintiff's unlawful arrest, no NYPD Defendant or police officer present intervened or stopped the other NYPD Defendants from seizing Plaintiff. Moreover, the John Does present at the scene of the unlawful arrest failed to protect Plaintiff from the other NYPD members, including but not limited to Golden.  Further the John Does present at the scene of the unlawful arrest conspired with Golden and/or others to subject Plaintiff to false, unjust and unlawful arrest, process and charges.

31.     Mr. Medina appeared in Criminal Court on March 16, 2009. On that date Plaintiff

was informed that the Bronx County District Attorneys office had declined to prosecute him. As such, the prosecution against Plaintiff was favorably terminated.

32.   Plaintiff timely made and served notices of claim upon the Defendant NYC within 90 days of the incidents and has otherwise complied with the statutory requirements of the General Municipal Law of the  State of the State of New York; and although more than 30 days have elapsed since service of the notices, NYC has neglected to adjust or pay such claims.

**FIRST CAUSE OF ACTION**
**FEDERAL CLAIMS**
**AGAINST ALL DEFENDANTS**

33.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 as if set forth fully herein.

34.   The NYPD Defendants violated, conspired to violate, and aided and abetted in the violation of Plaintiff's clearly established and well-settled federally protected rights.

35.   The acts and conduct described herein deprived the Plaintiff of his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§1981, 2000(d), and 3789(d) in violation of and 42 U.S.C. §§1981, 1983, 2000(d), 3789d(c):

(a)   To be free of unreasonable search and seizure of his person and effects, by police officers acting under color of law;

(b)   To be free from unlawful warrantless arrest;

(c)   To be free from malicious prosecution;

(d)   To be free from abuse of process;

(e)   Not to be deprived of Liberty and Property without Due Process of Law;

(f)   To Equal Protection under the law, and not to be deprived of any Right or Privileges of a citizen;

(g)   To be free from discrimination based upon Race, Ancestry, and National Origin; and

(h)   Not to be deprived of the right to Association.

36.   The acts and conduct of The NYPD Defendants described above was intentional, wanton, malicious and oppressive.

37.   As a direct and proximate result of the Defendants' acts described herein, Defendants have caused Plaintiff to suffer deprivation of his liberty, mental, emotional distress, suffering, humiliation, embarrassment, economic loss, lost property, and other damages.

## SECOND CAUSE OF ACTION
## FOURTH and FOURTEENTH AMENDMENT
## MONELL CLAIM AGAINST NYC

38.     Plaintiff repeats and realleges, each and every allegation contained in

        paragraphs 1 through 37 as if fully set forth fully herein.

39.     At all times herein mentioned the NYC, its agents, employees and servants,

        including but not limited to the NYPD Defendants, acted under color of the

        statutes, customs, ordinances and usage of the City and State of New York.

40.     The acts and conduct complained of herein resulted in part from a de facto

        policy or custom, or practice of the Defendant NYC, implemented by police

        officers of the NYC and/ condoned by the NYPD, to stop, seize, and charge

        civilians without legally sufficient justification, in a racially discriminatory

        manner. Further the acts and conduct complained of herein resulted in part from a

        de facto policy or custom of the Defendant NYC, implemented by the NYPD

        and/or the police officers of the NYC, to allow police officers to work without

        proper levels of supervision. NYC was responsible for ensuring that reasonable

        levels of supervision were in place within the NYPD generally and the 46th

        precinct specifically.

41.     Upon information and belief, NYC, its officers, officials, agents, employees, and

        servants,  knew or should have known that there was inadequate supervision

        within the 46th precinct on and prior to January 24, 2009, and that individuals

were routinely improperly seized and charged by NYPD members. Despite the prior notice of inadequate supervision, NYC took no steps to ensure that reasonable levels of supervision were in place at the 46th precinct in order to reasonably provide that NYPD officers engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the Plaintiff herein.

42.   NYC and its officers, officials, agents, employees, and servants, officers, were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of Plaintiffs' rights in particular.

43.   All Defendants acted under pretense and color of state law and in their official capacities and within the scope of their employment.

44.   Said acts by the Defendants were without authority in law, and were in abuse of their powers. Said Defendants acted willfully, knowingly, and with specific intent to deprive Plaintiff of his constitutional rights.

45.   As a result of the failure of its officials to properly recruit, train, discipline and supervise its police officers, including Golden, and John Does 1-2, NYC has tacitly authorized, ratified, and been deliberately indifferent to, the acts and

conduct complained of herein.

46.   As a direct and proximate result of the Defendants' acts described herein, Defendants have caused Plaintiff to suffer deprivation of his liberty, mental, emotional distress, suffering, humiliation, embarrassment, economic loss, lost property, and other damages.

### THIRD CAUSE OF ACTION
### STATE CONSTITUTIONAL CLAIMS
### AGAINST ALL DEFENDANTS

47.   Plaintiff repeats and realleges, each and every allegation contained in paragraphs 1 through 46 as if fully set forth fully herein

48.   Defendants violated, conspired to violate, and aided and abetted in violating Plaintiff's rights under, *inter alia*, Article I sections 6, 8, 9, 11 and 12 of the Constitution of the State of New York:

   (a)   To be free of unreasonable search and seizure of his person and effects, by police officers acting under color of law;

   (b)   To be free from unlawful warrantless arrest;

   (c)   To be free from abuse of process;

   (d)   Not to be deprived of Liberty and Property without Due Process of Law;

(e)     To Equal Protection under the law;

(f)     To be free from discrimination based upon Race, Ancestry, and National Origin; and

(g)     Not to be deprived of the right to Association.

49.     The acts and conduct of Defendants described above was intentional, wanton, malicious and oppressive.

50.     Defendants acted within the scope of their employment at times material herein, and the municipal Defendant NYC is liable under the doctrine of *respondeat superior* for the acts of its employees, agents, and those within Defendants' control.

51.     As a direct and proximate result of the Defendants' acts described herein, Defendants have caused Plaintiff to suffer deprivation of his liberty, mental, emotional distress, suffering, humiliation, embarrassment, economic loss, lost property, and other damages.

**FOURTH CAUSE OF ACTION**
**STATE TORT CLAIMS**
**AGAINST INDIVIDUAL DEFENDANTS**

52.     The allegations of paragraphs 1 through 51 inclusive are incorporated by reference herein.

12

53.   The acts and conduct of Defendants described above were intentional, wanton, malicious and oppressive.  At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for seizing, arresting, detaining, searching plaintiff, and commencing process, and said conduct, was unlawful.

54.   The acts and conduct of the Defendants constitute false arrest, false imprisonment, and abuse of process, under the laws of the State of New York.

55.   As a direct and proximate result of the Defendants' acts described herein, Defendants have caused Plaintiff to suffer deprivation of his liberty, mental, emotional distress, suffering, humiliation, embarrassment, economic loss, lost property, and other damages.

56.   Defendants acted within the scope of their employment at times material herein, and the municipal Defendant NYC is liable under the doctrine of *respondeat superior* for the acts of its employees, agents, and those within Defendants' contro

## FIFTH CAUSE OF ACTION
## STATE TORT CLAIMS
## AGAINST NYC

57.   The allegations of paragraphs 1 through 56 inclusive are incorporated by reference herein.

58.   The acts, omissions, and conduct of NYC constitute negligence, negligent hiring,

negligent training, negligent supervision of the above individual Defendants, their superior and commanding officers, and retention, under the laws of the State of New York.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ P. 38 Plaintiff demands a trial by jury, on all issues so triable, in this action.

**WHEREFORE**, Plaintiff Christian Medina demands judgment and prays for the following relief, jointly and severally, against the individual NYPD Defendants:

(a) Full and fair compensatory and punitive damages in an amount to be determined by a Jury;

(b) A declaration pursuant to 28 U.S.C. §§2201-2202 that the Plaintiff's rights were violated by Defendant's unlawful conduct;

(c) Statutory Attorneys Fees pursuant to, *inter alia*, 42 U.S.C. §1988, New York Common Law and Expert Fees, the costs and disbursements of this action; and

(d) Such other and further relief as appears just and proper.

And the following relief against the municipal Defendant NYC:

(a) Full and fair compensatory damages in an amount to be determined by a Jury;

(b) A declaration pursuant to 28 U.S.C. §§2201-2202 that the Plaintiff's rights

were violated by Defendants unlawful conduct;

(c) Statutory Attorneys Fees pursuant to, *inter alia*, 42 U.S.C. §1988, New York Common Law and expert Fees, the costs and disbursements of this action; and

(d) Such other and further relief as appears just and proper.

Dated: New York, New York
        July 27, 2009

BY: _____
Glenn A. Wolther. [GW-5740]

Glenn A. Wolther
*Attorney At Law*
305 Broadway, Suite 1102
New York, New York 10007
Tel: (212) 964-2120
Fax: (212) 964-0763

*Attorney for Plaintiff*
Christian Medina

15